Mr. Justice CLIFFORD, with whom concurred the CHIEF JUSTICE and Mr. Justice SWAYNE,
dissenting.
Unable to concur in the views of the majority of the court in this case, and regarding the question presented as one of considerable practical importance, I deem it proper to state very briefly the grounds of my dissent.
Insurance was obtained by the defendant on his ship Alhambra, from Liverpool to San Francisco; she received injuries by perils of the sea during the voyage, and the plaintiffs, as insurers, paid the loss under protest and brought this suit to recover back the amount. The policy contained the warranty described in the opinion of the court, and the claim to recover back the amount paid for the loss is based solely upon the fact that the ship took on board twenty-three tons of the excepted articles mentioned in the warranty, in excess of her registered tonnage. Two hundred and thirty-eight tons of the loading consisted of cannel coal, which the proofs showed was often used as dunnage, and that much more in quantity of the coal than the excess mentioned was used for dunnage on this occasion. Dunnage is required in every case, and it is not shown nor pretended that any more was used in loading the cargo than was necessary for the purpose. *679 Deduct from the loading the amount of the coal used as dunnage, and it is conceded that the loading of the ship did not exceed her registered tonnage, and the jury have found that the excess beyond her registered tonnage was used as dunnage, and I have no doubt it was properly so used.
Beyond doubt the ship-owner in ballasting his chartered vessel may take freight-paying merchandise for that purpose, provided the merchandise occupies no more space than the ballast would have done if ordinary ballast had been used instead of merchandise paying freight, and I am of the opinion that the same rule should be applied in respect to the dunnage used in stowing the cargo.* Such was also the opinion of the Supreme Court of Massachusetts in a suit between these same parties which arose out of an insurance on the same voyage.†
Much discussion of the question is unnecessary, as the views which I entertain and the authorities to support them are very fully given in that opinion and in the opinion of the district judge, in which I also concur.

 Towse v. Henderson, 4 Exchequer, 890.

 Thwing v. Great Western Insurance Co., 103 Massachusetts, 401.